**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 13 C 7081** |
| | ) | |
| **BRIAN COCKRELL** | ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Brian Cockrell pled guilty to a charge of possession of cocaine base with intent to distribute under 21 U.S.C.§ 841(a)(1), and the Court sentenced him to a prison term of fifteen years. After the Supreme Court's decision in *Descamps v. United States*, 133 S. Ct. 2276 (2013), Cockrell filed a motion under 28 U.S.C. § 2255, arguing that his career offender designation was inappropriate and that as a result, his Sentencing Guidelines range was excessive. For the reasons stated below, the Court denies Cockrell's motion.

## Background

Cockrell was indicted for possession of firearms and ammunition in March 2005 and pled not guilty. In August 2005, the government filed a superseding information accusing Cockrell of possession with intent to distribute 5.7 grams of a mixture containing cocaine base. Cockrell then reached a plea agreement with the government. The plea agreement included an agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), that a fifteen-year sentence was appropriate. The plea agreement listed two burglaries among Cockrell's prior convictions and said he was a

career offender for sentencing purposes because he was over eighteen years old when he committed the current controlled substance offense and had at least two prior felony convictions for violent crimes. *See* U.S.S.G. § 4B1.1(a). The agreement stated that accordingly, Cockrell's criminal history category was VI and his offense level was 31. At sentencing, the Court agreed that Cockrell's criminal history category was VI and that his offense level was 31, making Cockrell's advisory Sentencing Guidelines range 188 to 235 months. The Court concluded that the agreed sentence of 180 months was appropriate and imposed that sentence.

## Discussion

A federal prisoner may seek to vacate his sentence under 28 U.S.C. § 2255 if he contends that his sentence "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255(a).

Cockrell argues that the career offender enhancement was not warranted because the two burglary convictions upon which that enhancement was based were not violent crimes under *Descamps.* In *Descamps*, the Supreme Court held that the district court improperly labeled two of the defendant's prior burglaries as crimes of violence; therefore the defendant did not deserve a sentence enhancement under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). *Descamps*, 133 S. Ct. at 2293. Specifically, the district court in *Descamps* improperly examined documents outside the burglary statutes under which the defendant had been convicted to determine if the crimes qualified him for a sentence enhancement under the ACCA,

even though the statutes were "indivisible"—i.e., they did not contain alternative elements. *Id.* at 2281. The Court understands Cockrell to argue in his motion that the Court likewise should not have looked to facts underlying his burglary convictions in determining his career offender status.

The Court agrees with the government that Cockrell's claim is not cognizable under section 2255. The Seventh Circuit has held unequivocally that a district court's error in calculating a defendant's sentence range under the Sentencing Guidelines is not subject to collateral review unless the defendant was sentenced before the guidelines were made advisory in *United States v. Booker*, 543 U.S. 220 (2005). *Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013), *reh'g denied*, 725 F.3d 680 (7th Cir. 2013), *supp. op.*, 724 F.3d 915 (7th Cir. 2013). In *Hawkins*, the defendant, similar to Cockrell, argued that his prior convictions could no longer be considered violent felonies under a recent Supreme Court decision, which he contended invalidated the district court's calculation of his Guidelines sentencing range. Yet the sentence was imposed after *Booker* and was below the statutory maximum. Therefore it did not "exceed[ ] the maximum authorized by 'law,'" because after *Booker* the guidelines were no longer binding on the district courts. *Hawkins*, 706 F.3d at 822. The court ruled that as a result, any error was not cognizable on a section 2255 motion.

Cockrell's sentence of fifteen years likewise was far below the statutory maximum of forty years; indeed it was below even the enhanced guidelines range he received as a career offender, which was 188 to 235 months. Under *Hawkins*, Cockrell's claim regarding his prior convictions therefore does not present an issue cognizable on collateral review under section 2255.

**Conclusion**

For the reasons stated above, the Court directs the Clerk to enter judgment denying Cockrell's section 2255 motion [docket no. 1]. The Court declines to issue a certificate of appealability, because there is nothing to suggest that the merits of Cockrell's claims are debatable, capable of different resolution, or deserving of further consideration. *See* 28 U.S.C. § 2253(c)(2); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *Porter v. Gramley*, 121 F.3d 1308, 1312 (7th Cir. 1997).

_____
MATTHEW F. KENNELLY
United States District Judge

Date: May 20, 2014